**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

NICHOLAS DOBSON,

        Petitioner,                           Case Number: 2:08-CV-13937

v.                                                   HONORABLE AVERN COHN

MARY BERGHUIS,

        Respondent.
_____/

## OPINION AND ORDER OF SUMMARY DISMISSAL

### I. Introduction

This is a habeas case under 28 U.S.C. § 2254. Petitioner Nicholas Dobson is a state inmate currently incarcerated at the Earnest C. Brooks Correctional Facility in Muskegon Heights, Michigan. He has filed a <u>pro se</u> petition for a writ of habeas corpus, claiming that he is incarcerated in violation of his constitutional rights. For the reasons which follow, the petition will be dismissed.

### II. Background

Petitioner pleaded guilty in St. Clair County Circuit Court to second-degree murder, kidnapping, and conspiracy to commit kidnapping. On February 27, 2006, he was sentenced to thirty to fifty years' imprisonment for each of the convictions, to be served concurrently.

Petitioner filed an application for leave to appeal in the Michigan Court of Appeals, raising the following claim:

> Is defendant entitled to resentencing because the statutory sentencing
> guidelines were scored as to offense variable 3 and 6 in violation of the

Sixth and Fourteenth Amendment.

The Michigan Court of Appeals denied leave to appeal. People v. Dobson, No. 276489 (Mich. Ct. App. March 29, 2007).

Petitioner filed an application for leave to appeal in the Michigan Supreme Court, raising the same claim raised before the Michigan Court of Appeals. The Michigan Supreme Court denied leave to appeal. People v. Dobson, No. 133908 (Mich. September 10, 2007).

Petitioner then filed the pending petition for a writ of habeas corpus. He presents the following claims:

I. The trial court improperly increased the scoring of the statutory sentencing guidelines under offense variables 3 and 6, resulting in a longer sentence for Mr. Dobson and a departure from the correct sentencing guidelines range, in violation of the state and federal due process clauses and in violation of well established rules of Michigan sentencing procedure.

II. The trial court committed a *Blakely* error by increasing the scoring of the statutory sentencing guidelines under offense variables 3 and 6, which was used to increase Mr. Dobson's sentence.

III. Analysis

A.

Upon the filing of a habeas corpus petition, the Court must promptly examine the petition to determine "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief." Rule 4, Rules Governing Section 2254 cases. If the Court determines that the petitioner is not entitled to relief, the Court shall summarily dismiss the petition. McFarland v. Scott, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face"). As will be explained, the petition does not

2

present grounds which may establish the violation of a federal constitutional right and therefore must be dismissed.

B.

In his first claim, Petitioner argues that the state court improperly scored offense variables 3 and 6 of the Michigan Sentencing Guidelines. It is well-established that "'federal habeas corpus relief does not lie for errors of state law.'" Estelle v. McGuire, 502 U.S. 62, 67 (1991). Petitioner's argument that the state court erred in scoring his sentencing guidelines is based solely on the state court's interpretation of state law. It does not implicate any federal rights. Thus, his claim is that his guidelines were mis-scored is not cognizable on habeas review. See Cook v. Stegall, 56 F. Supp. 2d 788, 797 (E.D. Mich. 1999).

C.

In his second claim, Petitioner argues that his sentence was increased based upon facts neither proven to a jury beyond a reasonable doubt nor admitted by him. Petitioner, however, failed to raise this claim in state court. As such, it is not exhausted. A petitioner must exhaust his state court remedies prior to seeking federal habeas relief by fairly presenting the substance of each federal constitutional claim in state court. 28 U.S.C. §§ 2254(b)(1)(A) & 2254(c). Although unexhausted, a federal court may deny a habeas petition on the merits despite a petitioner's failure to exhaust state remedies for all his claims. 28 U.S.C. § 2254(b)(2). Here, as will be explained, the claim does not warrant habeas corpus relief. Accordingly, in the interests of efficiency and justice, the Court will address Petitioner's claim rather than dismiss the petition on the ground of failure to exhaust. See 28 U.S.C. § 2254(b)(2).

As to the merits of the claim, in <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000), the Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." <u>Id</u>. at 490. Michigan has an indeterminate sentencing system for most crimes, including second-degree murder, kidnapping, and conspiracy. The maximum term of imprisonment is set by law. Mich. Comp. Laws § 769.8(1); <u>see also</u> <u>People v. Drohan</u>, 475 Mich. 140, 160-61 (2006). In <u>Blakely v. Washington</u>, 542 U.S. 296 (2004), the Supreme Court addressed indeterminate sentencing systems and held that such systems do not violate the Sixth Amendment. The Court explained:

> [The Sixth Amendment] limits judicial power only to the extent that the claimed judicial power infringes on the province of the jury. Indeterminate sentencing does not do so. It increases judicial discretion, to be sure, but not at the expense of the jury's traditional function of finding the facts essential to lawful imposition of the penalty. Of course indeterminate schemes involve judicial factfinding, in that a judge (like a parole board) may implicitly rule on those facts he deems important to the exercise of his sentencing discretion. But the facts do not pertain to whether the defendant has a legal right to a lesser sentence-and that makes all the difference insofar as judicial impingement upon the traditional role of the jury is concerned. In a system that says the judge may punish burglary with 10 to 40 years, every burglar knows he is risking 40 years in jail. In a system that punishes burglary with a 10-year sentence, with another 30 added for use of a gun, the burglar who enters a home unarmed is entitled to no more than a 10-year sentence-and by reason of the Sixth Amendment the facts bearing upon that entitlement must be found by a jury.

<u>Id</u>. at 308-09.

In this case, the maximum sentence for each of Petitioner's crimes is life imprisonment. The sentencing court did not impose a sentence beyond the statutory maximum. Therefore, the sentencing scheme did not run afoul of the Sixth

4

Amendment. Because <u>Blakely</u> does not apply to indeterminate sentencing schemes like the one utilized in Michigan, the trial court's scoring of the sentencing guidelines did not violate Petitioner's constitutional rights. Petitioner has thus failed to state a claim upon which habeas relief may be granted.

## IV. Conclusion

Because it plainly appears from the petition that Petitioner is not entitled to habeas relief on either of his claims, the petition is DISMISSED.

SO ORDERED.

       s/Avern Cohn  
       AVERN COHN  
       UNITED STATES DISTRICT JUDGE

Dated: September 16, 2008

I hereby certify that a copy of the foregoing document was mailed to Nicholas Dobson, 593674, Earnest C. Brooks Correctional Facility, 2500 S. Sheridan Drive, Muskegon Heights, MI 49444 on this date, September 16, 2008, by electronic and/or ordinary mail.

       s/Julie Owens  
       Case Manager, (313) 234-5160